UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARREN WILSON,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**S. DORTY,** )<br>)<br>**Defendant.** ) | No.: 20-cv-4111-MMM |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and currently confined at the Pinckneyville Correctional Center ("Pinckneyville"), filed a complaint in the Southern District of Illinois asserting allegations against officials at Pinckneyville and against the Warden of Hill Correctional Center ("Hill). Judge Staci Yandle, severed for misjoinder the claims directed against the Hill Warden and they were subsequently filed in the Central District of Illinois as the instant case. *See Wilson v. Dorty*, No. 20-4111 (C.D. Ill. Mar. 31, 2020) at ECF 1 pp. 15-16; *see also*, *Wilson v. IDOC*, No. 19-00930 (S.D. Ill. Mar. 20, 2020) at ECF 14. Here, Plaintiff has alleged that Hill officials, Warden Stephanie Dorethy, incorrectly identified as "Dorty "and an unidentified ADA Coordinator, subjected him to unconstitutional conditions of confinement and violated his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA").[1, 2]

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th

---

[1] Americans with Disabilities Act, 42U.S.C. § 12101, *et seq.*
[2] Rehabilitation Act, 29 U.S.C. §§ 794–94e.

Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff suffers from a physical disability, not otherwise described, and requires accommodations in the form of a cane, knee braces, shower chair, handrails, and low bunk and low gallery permits. On July 3, 2019, Plaintiff was temporarily transported from Pinckneyville to Hill on a court writ. Plaintiff reveals that he had been at Hill on a prior occasion and had successfully settled a lawsuit which arose there due to the lack of ADA-compliant cells and showers. When Plaintiff arrived at Hill this second time, he notified Defendant Dorethy and the ADA coordinator, requesting cell and shower accommodations. He was told by a nurse, A. Plummer, that his file did not contain permits for these accommodations and, accordingly, they were not provided. On July 5, 2019, while in the non-ADA-complaint shower, and without the benefit of a shower chair, Plaintiff fell on the lip of the shower floor, injuring his foot, ankle and knee. Plaintiff requests declaratory and injunctive relief as well as money damages.

## ANALYSIS

Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." *See* 42 USCA § 12102(1)(A). The RA, too, protects qualified person with disabilities who are denied access to a program or activity because of his disability." *Jaros v. Illinois Dept. of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) ("[r]efusing to

make reasonable accommodations is tantamount to denying access).

An RA claim is functionally identical to an ADA claim, and relief available under the ADA and RA are coextensive. *Wilkerson v. Hammond*, No. 13-815, 2013 WL 5950820, at *5–6 (S.D. Ill. Nov. 7, 2013). A plaintiff, however, has 'but one recovery,' under the two and a Court may dismiss the ADA claim, allowing the Rehabilitation Act claim to proceed. *Id.* at *5–6; accord *Jaros*, 684 F.3d at 672, citing *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n.1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained). The Court hereby DISMISSES the ADA claim with the RA claim to proceed.

Here, however, Plaintiff has pled an RA claim against individual employees of IDOC who cannot be sued under the RA. *Jaros*, 684 F.3d at 670. The proper defendant is the relevant state department or agency. *See* 42 U.S.C.§ 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Accordingly, IDOC, the proper Defendant in an RA claim, will be added as a Defendant.

Plaintiff also alleges unconstitutional conditions of confinement. To violate the Constitution, conditions of confinement must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official does not become liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff states enough at this stage to proceed against Warden Dorethy and the ADA

Coordinator in their individual capacities for placing him in conditions which posed a substantial risk of serious harm. A "Doe Hill ADA Coordinator" is to be added to the caption.

In his prayer for relief, Plaintiff seeks injunctive relief. A claim for injunctive relief cannot proceed against the Hill Defendants, however, as Plaintiff is no longer confined there. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (claim for injunctive relief rendered moot where plaintiff was transferred away from the complained-of dangerous conditions). This claim is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on a Rehabilitation Act claim against IDOC, and a conditions of confinement claim against Warden Dorethy and the Hill ADA Coordinator, in their personal capacities. IDOC and "Doe ADA Coordinator" are to be added to the caption. Defendant "S. Dorty" is to be identified as "S. Dorethy." The ADA claim is DISMISSED. To the extent that a claim for injunctive relief is construed against Defendant Dorethy and the Hill ADA Coordinator, it is DISMISSED. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided

by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    4.    Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    5.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

    6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    7.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILIT ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: __10/26/2020_____

_____s/ Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE